UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANA HARRIS,

    Plaintiff,

v.                                                                                                                       CASE NO.:

FLORIDA SOUTHERN COLLEGE, a Florida
Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DIANA HARRIS ("Ms. Harris" or "Plaintiff") files this Complaint against Defendant, FLORIDA SOUTHERN COLLEGE ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Polk County, Florida.

5. Defendant operates a not for profit college in, among other places, Polk County, Florida.

6. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

8. Plaintiff worked for Defendant as a Human Resource Generalist, from January 3, 2017, until her termination on February 7, 2018.

9. Throughout her employment, Plaintiff was an exceptional employee with no significant history of performance, attendance, or disciplinary violations.

10. To that end, Plaintiff received a positive annual evaluation a few weeks prior to her termination.

11. On January 29, 2018, Plaintiff was forced to call out sick from work as she had not been feeling well throughout the weekend.

12. On January 30, 2018, as a result of her condition growing worse, Plaintiff's mother rushed her to the Emergency Room.

13. Unfortunately, from January 30, 2018, through February 5, 2018, Plaintiff was hospitalized for a potential bone marrow cancer diagnosis, which constitutes a serious health condition under the FMLA. *See* 42 U.S.C. § 12102.

14. Plaintiff necessitated FMLA protected time off from work for the foregoing hospitalization, and recovery from same.

15. While hospitalized, Plaintiff informed her supervisor of her medical condition, ongoing hospitalization, need for time away from work, and requested FMLA paperwork to address this ongoing serious health condition.

16. Defendant failed to provide Plaintiff with any documentation to apply for FMLA leave, let alone the requisite notification of her rights, upon being placed on notice of Plaintiff's need for protected FMLA leave.

17. An employer's failure to provide an employee with proper guidance and notice of her FMLA rights, amounts to actionable interference. *See Patterson v. Browning's Pharm. & Healthcare, Inc.,* 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

18. Plaintiff, against the recommendation of her oncologist, informed her supervisor that she was able to return to work on February 7, 2018.

19. On February 7, 2018, and still weak from her hospitalization and with the assistance of a cane, Ms. Harris forced herself into work.

20. Surprisingly, on February 7, 2018, and despite having notice of her medical situation and need for FMLA protected leave, Defendant terminated Plaintiff's employment.

21. Based on the foregoing, Plaintiff was not returned to the same, or substantially equivalent position upon her return from FMLA leave.

22. Plaintiff's absences stemming from her serious medical condition should have been protected under the FMLA, but instead were used to retaliate against her following Ms. Harris' inquiry into her rights under the FMLA, need for FMLA leave, and attempt to return to work.

23. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

24. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff for her use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

25. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

26. The timing of Plaintiff's use of her protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected FMLA leave, and the illegal actions taken against her by Defendant.

27. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of FMLA protected leave.

28. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

29. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

33. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

34. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

39. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave.

40. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to take approved leave pursuant to the FMLA.

41. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

DATED this 4th day of October 2019.

Respectfully Submitted,

By:*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*